RECEIVED
IN ALEXANDRIA, LA
DEC 27 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION<br>NO. CR97-10008 |
| VERSUS | |
| KEVIN LOVE | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion by Kevin Love ("Love") to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 on February 2, 2006 (Doc. Item 85). Love previously filed a Section 2255 motion in February 2000 (Doc. Item 54) which was denied by the district court (Doc. Items 57, 58). Therefore, the current motion is Love's second Section 2255 motion.

Section 2255 provides that a second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain either (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) his claim relies on a new rule a constitutional law that was made retroactive by the Supreme Court and was previously unavailable.

Therefore, before Petitioner files his application in the district court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. 28 U.S.C. § 2244(b)(3)(A) and (B); 28 U.S.C. § 2255.

Love should attach the following documents to his application in the court of appeals:

> (1) A copy of the proposed § 2255 motion for which he is requesting authorization to file in the district court;
>
> (2) Copies of (a) all previous § 2255 motions challenging the judgment or sentence received in any conviction for which he is currently incarcerated; (b) all previous § 2241 petitions challenging the terms and conditions of his imprisonment; and (c) any complaint, regardless of title, that was subsequently treated by the district court as a § 2255 motion or a § 2241 petition;
>
> (3) All court opinions and orders disposing of the claims advanced in (2) above; and
>
> (4) All magistrate judge's reports and recommendations issues in connection with claims advanced in (2), above.

See 28 U.S.C. §§ 2244, 2255. If, after due diligence and through no fault of his own, Love is unable to procure any of the documents described above, he should submit, in lieu of such documents, an affidavit describing the steps he has taken in efforts to procure them and explaining why he was unsuccessful.

The Fifth Circuit has not issued an order authorizing the district court to consider Love's second Section 2255 motion. The determinations of whether or not the motion is successive pursuant to In re Cain and, if so, whether it meets a Section 2244 exception, cannot be made by this court until the Fifth Circuit

2

authorizes this court to consider the petition.

Accordingly, it is recommended that Love's case be dismissed without prejudice. See In re Epps, 127 F.3d 364, 365 (5th Cir. 1997) (district court must also direct the Clerk of Court's office to notify the petitioner/movant that a motion for authorization must be filed with the court of appeal).

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Love's Section 2255 motion be DISMISSED WITHOUT PREJUDICE for failure to obtain authorization from the Fifth Circuit prior to filing it in this court.

IT IS FURTHER RECOMMENDED that the Clerk of this court be directed to notify Love (1) that he must file in the Fifth Circuit Court of Appeals a motion pursuant to Section 2244 within 30 days from the date of the Clerk's notice, and (2) if he fails to file such a motion within that time, an order will be entered denying authorization.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District

3

Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ____ day of December, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

4